**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

BLAINE SOUTHALL, et al.,

        Plaintiffs,

v.                                                    CIVIL ACTION NO. 2:10-cv-00325

FIRST FRANKLIN FINANCIAL CORPORATION, et al.,

        Defendants.

**MEMORANDUM OPINION & ORDER**

    Pending before the court is the plaintiffs' Motion to Remand Case to State Court [Docket 8]. The plaintiffs' Complaint was filed on February 10, 2010 in the Circuit Court of Jackson County, West Virginia. It asserted a federal claim under the Truth in Lending Act ("TILA") and four state law claims. Citing federal question and supplemental jurisdiction, the defendants[1] removed this case on March 12, 2010 [Docket 1]. The plaintiffs, claiming to have found additional loan closing documents, now concede that they "have no cause of action under TILA and Regulation Z," and "offer to entry of an agreed order" dismissing their federal claim. (Mot. Remand 2.) They move to remand on the ground that "no federal question exists in their cause of action." (*Id.* at 1.)

    This court has the inherent power to "remand a removed case to State court after the federal claims that formed the basis for removal . . . ha[ve] dropped out of the case." *Hinson v. Norwest Fin. S. C., Inc.*, 239 F.3d 611, 615-16 (4th Cir. 2011). In deciding whether to remand this case, I

---

[1] Defendant Gregory L. Van Hoose has not made an appearance. In this Order, "the defendants" refers to all of the named defendants excluding Mr. Van Hoose.

consider "principles of economy, convenience, fairness and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). Also, "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors . . . support a remand." *Id.*

This case is in its infancy. Besides the plaintiffs' Motion to Remand, no other motions have been filed, and discovery has not commenced. The plaintiffs have agreed to dismiss their federal claim, but four claims arising out of West Virginia state law remain. I conclude that a remand of this case is appropriate.

The defendants oppose the plaintiffs' Motion to Remand and accuse the plaintiffs of "tactical forum manipulation." (Mem. Opp'n Mot. Remand [Docket 9] 4.) Yet the plaintiffs have offered a good-faith reason for their Motion to Remand. I acknowledge that the plaintiffs' belated discovery of new documents raises suspicions. Considering "the balance of factors," I am nevertheless persuaded to remand by the lack of substantive progress in this case and the fact that no federal issues remain.

The court construes the plaintiffs' offer to dismiss their federal claim as a motion to dismiss, and **GRANTS** this motion. Count III of the Complaint is **DISMISSED.** The plaintiffs' Motion to Remand is **GRANTED** and this action is **REMANDED** to state court.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      May 4, 2010

Joseph R. Goodwin, Chief Judge